<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No. 11-1613**

---

SLEP-TONE ENTERTAINMENT CORPORATION; SOUND CHOICE STUDIOS, INCORPORATED,

        Plaintiffs - Appellants,

        v.

HOT SHOT ENTERPRISES, LLC, d/b/a Hot Shot Mobile DJ,

        Defendant – Appellee,

        and

ASSOCIATED CONSULTANTS, a Virginia general partnership composed of Glenn Lorenz, James Brandon, and John Doe No. 1 (identity unknown); GLENN LORENZ; JAMES BRANDON; JOHN DOE #1, (identity unknown); HORIZON MUSICFEST, LLC; KIRK RUBLEY, d/b/a Kirkabee Deejays; DAVID SNEDDON, d/b/a Super Dave's Karaoke; ELWOOD JUNKINS, d/b/a Starlight Entertainment; NELSON COFFMAN, d/b/a Nelson's Karaoke; METRO ENTERTAINMENT, LLC; RON WATKIN, d/b/a Karaoke Express; TERRY LEE RYAN; JASON B. INGRAM, d/b/a Mobile Disc Jockeys; NICK PARAVATI, d/b/a Nick's Karaoke; SJ'S LAKESIDE TAVERN; NICHOLAS FISHER, d/b/a Karaoke One; L&W ENTERTAINMENT, a Virginia general partnership composed of Linda Lackey and Walter Lackey; LINDA LACKEY; WALTER LACKEY; BLUE NOTE ENTERTAINMENT & PRODUCTIONS, LLC; EPIPHANY ENTERTAINMENT, a Virginia general partnership composed of Thomas J. Grosvenor and Sarah B. Grosvenor; THOMAS J. GROSVENOR; SARAH B. GROSVENOR; SHANER SOUND SERVICES, a Virginia general partnership composed of Ken Shaner, Drew Shaner and Neal Shaner; KEN SHANER; DREW SHANER; NEAL SHANER; JASON E. CALL, d/b/a KJ Productions; TWO GUYS PRODUCTIONS, a Virginia general partnership composed of Clint Novak and Bob Kidd; CLINT NOVAK; BOB KIDD; NIGEL BANDERAS, d/b/a Virginia Idol Entertainment; NARD'S PROFESSIONAL DJ SERVICE; JIMMY O'NEAL, d/b/a Good Tymes Karaoke & DJ Services; RICHARD NUNNALLY, d/b/a King Richard Karaoke; GARY BRIGGS, SR., d/b/a Gary's Karaoke & DJ

Service; GARY BRIGGS, JR., d/b/a Gary's Karaoke & DJ Service; JANET LEIMBERGER, d/b/a Gowitit Karaoke/DJ; PARKER MEADOWS, d/b/a Camelot Entertainment; JEFFREY SMITH, d/b/a Smitty's Karaoke; TONY KOHLHEPP, d/b/a Symphonic Karaoke & DJ Service; FAGAN'S RESTORATIONS, INCORPORATED, d/b/a Irelands Four Courts; RB PUB, INCORPORATED, d/b/a Finnegan's Bar and Grill; MOE'S PEYTON PLACE; TEIXEIRA, INCORPORATED, d/b/a The Clubhouse Restaurant and Sports Bar; THE ASHBURN PUB; K2 RESTAURANT AND LOUNGE, a/k/a Kilroys II; 1319 KING STREET, INCORPORATED, d/b/a Rock It Grill; SNSA, INCORPORATED, d/b/a Fast Eddie's Sports and Billards; PARADISO, INCORPORATED, d/b/a Paradiso Ristorante Italiano; CHAD PAINTER, d/b/a Wonderland; REJ ENTERPRISES, INCORPORATED, d/b/a Murphy's Law Billiards & Sports Pub; BUBBA'S RESTAURANT, INCORPORATED; THE WRANGLER SPORTS BAR & GRILL, LLC; ANDRADE'S INTERNATIONAL RESTAURANT, LLC; OSB & G, LLC, d/b/a Overtime Sports Bar & Grill; NANKING CHINESE RESTAURANT; NACHO MAMA'S, INCORPORATED; FRENCH BISTRO 104, LLC, d/b/a Bistro 104; CFC OF CHARLESTON, INCORPORATED, d/b/a Sine Irish Pub & Restaurant; KING PIN LANES, INCORPORATED; HOOAH'S SPORTS GRILL; PATRICK'S RESTAURANT; BETLIN RESTAURANTS, LLC, d/b/a The Stratford Grill; MARS BAR; STEEL HORSE BAR & GRILLE; J & D'S CAFE; HOSPITALITY OF RICHMOND, LLC, d/b/a Cha Cha's Cantina; ANDREW BLANTON, d/b/a Bethany Entertainment; MICHAEL COWLES, d/b/a Capitol Party Authority; DAVID TAYLOR,

Defendants.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:09-cv-01390-CMH-JFA)

———————

Submitted: December 29, 2011      Decided: January 23, 2012

———————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

2

James M. Harrington, HARRINGTON LAW, P.C., Concord, North Carolina, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Appellants appeal the district court's order adopting the magistrate judge's report and recommendation and entering an order of default judgment in their favor. The Appellants claim that the damage award is too small and the injunction and destruction orders are too vague. Because the district court applied an incorrect standard of review, we vacate and remand for further proceedings.

Because the magistrate judge was operating without the parties' consent on the resolution of a dispositive matter, the district court was bound to make a de novo determination of those portions of the report to which objection was made. 28 U.S.C.A. § 636(b)(1) (West 2006 & Supp. 2011); Fed. R. Civ. P. 72(b)(3). Here, the Appellants filed specific objections to the magistrate judge's report and sought a hearing to submit further evidence in support of a higher damage award. The district court overruled the objections and denied a hearing without explanation, stating that "[b]ased on a de novo review of the evidence in this case and consideration of the objections filed, the Court finds that the Magistrate Judge's Proposed Findings of Fact and Recommendations are neither clearly erroneous nor contrary to law." Taking the district court's statement at face value, it reviewed the magistrate judge's findings and

4

recommendations for clear error—not under the appropriate de novo standard. We are further concerned by the district court's conclusory denial of the Appellants' request for an evidentiary hearing. While a district court possesses broad discretion to deny an evidentiary hearing in its evaluation of a magistrate judge's findings and recommendations, the decision cannot be arbitrary or capricious. Here, because the basis for the district court's rejection of the request for a hearing is not apparent from the record, we find ourselves unable to effectively review the court's decision. On remand, then, the district court should either grant the hearing or set forth its rationale for denial.

Accordingly, we vacate the district court's order and remand.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

\* By this disposition, we express no opinion on the merits of the Appellants' objections to the magistrate judge's report and recommendation.

5